**Juana HERNANDEZ, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

**No. 03–2540.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 8, 2004.

Decided Jan. 30, 2004.

---

Abraham S. Alter, Langton & Alter, Rahway, NJ, for Appellant.

Peter G. O'Malley, Office of United States Attorney, Newark, NJ, for Appellee.

Before BARRY, SMITH, Circuit

Judges, and POLLAK,* District Judge.

## OPINION

BARRY, Circuit Judge.

Plaintiff Juana Hernandez appeals from an order of the District Court for the District of New Jersey affirming the decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits and supplemental security income ("SSI"). We will affirm.

We have jurisdiction to consider this appeal under 28 U.S.C. § 1291. We must affirm the District Court if it correctly found the Commissioner's decision to be supported by substantial evidence. 42 U.S.C. § 405(g); *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999). It has long been understood that by substantial evidence, we do "not mean a large or considerable amount of evidence, but rather, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). We must determine whether, in light of the entirety of the record, the Commissioner's conclusions are rational. *Gober v. Matthews,* 574 F.2d 772, 776 (3d Cir.1978) (recognizing "the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'") (citation omitted).

To determine whether a claimant qualifies for benefits, the Commissioner must consider, in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals the criteria of an impairment listed in the Social Security Administration Regulations;[1] (4) if not, whether the claimant's impairment prevents the performance of past relevant work; and (5) if so, whether the claimant can perform any other work in the national economy, given the claimant's age, education, experience, and health. 20 C.F.R. § 404.1520; *Plummer v. Apfel,* 186 F.3d 422, 428 (3d Cir.1999).

As we are writing only for the litigants—who are intimately familiar with the record—we do so without extensive recitation of the facts. At root, Hernandez contests the decision of the Commissioner in five regards. She asserts that the Commissioner (1) improperly omitted material, probative evidence; (2) prioritized her own medical opinions over those of examining, treating, and reviewing physicians; (3) erred in assessing Hernandez's past relevant work; (4) unjustifiably determined Hernandez's residual functional capacity ("RFC"); and (5) mistakenly rejected Hernandez's subjective complaints.

■ First, Hernandez asserts that the Commissioner, in failing to discuss in detail every piece of medical evidence, transgressed this Court's *Cotter* doctrine. In *Cotter v. Harris,* 642 F.2d 700 (3d Cir. 1981), we held that an explanation of the evidence must accompany the benefits determination. *Cotter v. Harris,* 642 F.2d at 704–05. We have also articulated the logic of the *Cotter* doctrine: to facilitate "meaningful judicial review." *Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 119 (3d Cir.2000) (citing *Cotter,* 642 F.2d at 704–05). The Commissioner need not under-

---

* The Honorable Louis H. Pollak, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. *See* 20 C.F.R. pt. 404, subpt. P, app.1.

take an exhaustive discussion of all the evidence. *See, e.g., Knepp v. Apfel,* 204 F.3d 78, 83 (3d Cir.2000). And where we can determine that there is substantial evidence supporting the Commissioner's decision, as we determine here, the *Cotter* doctrine is not implicated.

■ Second, we cannot conclude that when the Commissioner determined that Hernandez's mental impairment was not severe, she prioritized her own medical opinions over those of Hernandez's physicians; indeed, there is substantial evidence that Hernandez suffered only from minor depression or an adjustment disorder and experienced no work related limitations arising out of her mental condition. Clearly, the final decision as to whether Hernandez's mental condition is severe rests with the Commissioner. *See* 20 C.F.R. § 404.1527 ("the final responsibility for deciding these issues [i.e., severity] is reserved to the Commissioner"). Her decision in the negative is supported by substantial evidence.

■ Third, Hernandez's past relevant work was as a packer. None of her diagnoses precluded medium level work activities. Packing, as described by Hernandez in her testimony and from her own experience, falls well within the description of medium work. Again, the Commissioner's decision is supported by substantial evidence.

■ Fourth, the Commissioner did not err in determining Hernandez's RFC. The RFC derives directly from the medical evidence, which supports a determination that Hernandez could, despite her impairments, perform the tasks that constitute medium level work activities.

■ Finally, while the Commissioner must seriously consider a claimant's subjective complaints of pain, *see Smith v. Califano,* 637 F.2d 968 (3d Cir.1981), it is

within the Commissioner's discretion to weigh such complaints against the medical evidence, and to reject them. 20 C.F.R. § 404.1529. Hernandez admitted in her testimony that her medication, when properly taken, adequately controls her pain. Moreover, none of the medical opinions in the record justifies the complete inactivity to which Hernandez testified. Given the evidence in the record, we cannot fault the Commissioner's treatment of Hernandez's complaints of pain.

The judgment of the District Court affirming the Commissioner's decision to deny benefits will be affirmed.